UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO.: 3:17-cv-525

| | |
|---|---|
| LISA A. BOWEN, ) | |
| Plaintiff, ) | |
| ) | MEMORANDUM IN SUPPORT OF |
| vs. ) | MOTION TO DISMISS OR, IN THE |
| ) | ALTERNATIVE, MOTION TO REMAND |
| TSI HEALTHCARE, INC., ) | 28 U.S.C. § 1447(c) |
| Defendant. ) | |

Defendant, TSI Healthcare, Inc. hereby submits this memorandum of law in support of its Motion to Dismiss or, in the alternative, Motion to Remand, in accordance with 28 U.S.C. § 1447 and Local Civil Rule 7.1 of the U.S. District Court for the Western District of North Carolina.

## INTRODUCTION

This civil action arises from an employment dispute between Defendant TSI Healthcare, Inc. (hereinafter TSI) initiated by Summons and Complaint filed August 31, 2017, (Exhibit 1), by Plaintiff Lisa A. Bowen (herein after Plaintiff) in the U.S. District Court for the Western District of North Carolina. Plaintiff's Complaint alleged violations of (1) the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216(b); (2) the North Carolina Wage and Hour Act (NCWHA), N.C. Gen. Stat. §§95-25.1 *et. seq.*; and (3) for wrongful discharge in violation of North Carolina public policy, N.C. Gen. Stat. §§ 143-422.2 *et. seq*. Defendant believes that there is no supplemental jurisdiction over the state law claim for wrongful discharge in violation of North Carolina public policy as this claim does not share a common nucleus of operative facts with the Plaintiff's federal and state overtime claims.

## STATEMENT OF FACTS

The facts as contained in Plaintiff's Complaint and the attached exhibits are as follows.

TSI is a North Carolina corporation with its principal place of business in Durham County, North Carolina. At all relevant time, TSI was in the business of providing technology products and support for medical providers. Plaintiff is a citizen and resident of Mecklenburg County, North Carolina. Plaintiff was hired as a full-time employee in or about March 2015 as a technical support specialist. (Comp. ¶20) In or about November 2016, Plaintiff was reassigned to an auditor position with TSI's RCM group. (Comp. ¶ 21) For the FSLA and state wage act claism, Plaintiff only contends that she was wrongly classified as an exempt employee while she was a support specialist with TSI. (Comp. ¶¶ 25-27). Plaintiff does not allege any FSLA or state wage and hour act claim for the two and a half month period after she was transferred from a support specialist position to an auditor position within TSI.

Next, Plaintiff claims she was terminated from TSI on January 13, 2017 for an improper reason. (Comp. ¶ 32) The parties disagree about the reason for Plaintiff's termination. Plaintiff contends she was terminated in violation of North Carolina public policy because of her Multiple Sclerosis diagnosis. TSI denies these claims and contends the reasons for Plaintiff's termination included Plaintiff's unsatisfactory work over time with some clients refusing to work with her, and, most recently, poor work for an important client's audit such that the project had to be reassigned to another auditor. While Plaintiff makes a general allegation that TSI terminated her after calling her "ditzy" when she failed to complete certain important job assignments (Comp. ¶33), Plaintiff has never alleged that she ever told TSI that her failure to perform her job at an acceptable level was because of her Multiple Sclerosis diagnosis and Plaintiff never alleges that she requested any accommodations for the same.

## **STANDARD OF REVIEW**

"The subject matter jurisdiction of federal courts is limited and the federal courts may

2

exercise only that jurisdiction which Congress has prescribed." *Chris v. Tenet,* 221F.3d 648, 655 (4th Cir. 2000) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994)). For jurisdiction to exist under 28 U.S.C. § 1331, a well-pleaded complaint must reveal a federal question. *See Caterpillar, Inc. v. Williams*, 482 U.S. 286, 392 (1987). The plaintiff is the master of his claim and normally may avoid federal jurisdiction by relying exclusively on state law. *See id.*

## ARGUMENT

### A. Plaintiff's State Law Claims Do Not Meet any of the Criteria Under 28 U.S.C. § 1367 and; Therefore, This Court Should Dismiss These State Law Claims or, in the Alternative, this Court Should Remand to Superior Court of Mecklenburg County, North Carolina.

TSI concedes that this Court has original jurisdiction over Plaintiff's FLSA claim under 28 U.S.C. § 1331 because it raise a federal question. 28 U.S.C. § 1331. This Court may also exercise jurisdiction over the state law claims under 28 U.S.C. § 1367(a) if those state law claims form part of the same case or controversy. Non-federal claims are part of the same "case" as federal claims when they "derive from a common nucleus of operative fact." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). The Court's supplemental jurisdiction, which is authorized under 28 U.S.C. § 1367(a), is discretionary under 28 U.S.C. § 1367(c). *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172, 118 S.Ct. 523, 139 L.Ed.2d 525 (1997).

A district court may properly decline to exercise supplemental jurisdiction over a claim under 28 U.S.C. § 1367(a) if:

> (1) [T]he claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original

3

> jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). In determining whether to exercise supplemental jurisdiction, courts are to consider the " 'principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine.' " *City of Chicago*, 522 U.S. at 172–73, 118 S.Ct. 523 (quoting *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 357, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988)).

Under 28 U.S.C. § 1367(c), this Court should decline to exercise jurisdiction over Plaintiff's state law claim for wrongful termination. Plaintiff's claims for allegedly wrongful termination does not raise a novel or complex issue of North Carolina or federal law. Plaintiff's state law claim for wrongful termination, however, would require a different and distinct legal argument and facts such that this state law claim is wholly distinguishable from Plaintiff's wage and hour act claims. From Plaintiff's Complaint, she very clearly differentiates the multiple wrongs and differentiated facts to support the multiple wrongs alleged, and those wrongs are wholly separate and distinct from one another, both in facts and in time.

While Plaintiff asserts a FLSA claim based upon federal law in her Complaint, the state wrongful termination claim does not arise out of the same case or controversy and it does not share a common nucleus of operative fact with the wage and hour act claims. Simply put, there is no meaningful overlap between the wrongful discharge claim and the wage and hour act claims that could establish supplemental jurisdiction for the state wrongful discharge claim. The wage and hour act claims are related to Plaintiff's time as a support specialist, but her wrongful discharge claim relates to a later and completely different time when she was terminated from an

4

auditor's position with TSI. Plaintiff's wrongful termination claim arises out of whether she was terminated because of a medical condition. The wage and hour act claims revolve around completely different facts as to whether Plaintiff's position as a computer support specialist was "exempt" under the wage and hour statutes. These alleged facts about Plaintiff's wrongful termination, which TSI denies, have nothing in common with whether Plaintiff job was qualified as an "exempt" position under the FSLA and the North Carolina Wage and Hour Act. Put another way, Plaintiff cannot argue that her Multiple Sclerosis diagnosis had anything to do with her wage dispute. This demonstrates that the wrongful discharge claim does not share a common nucleus of operative facts with the wage and hour act claims and, therefore, there is no supplemental jurisdiction in federal court for Plaintiff's wrongful discharge claim.

It is readily apparent that Plaintiff's state law claims constitute separate and independent claims from Plaintiff's federal claim under the FLSA. It would not be judicially efficient to; therefore, try both the federal and state law claims in one judicial proceeding. Because Plaintiff's state law claims do not arise out of the same case or controversy as her FLSA claim and because Plaintiff's state law claims would require wholly different proof to support or defend Plaintiff's state law claims, this Court should dismiss Plaintiff's state law claims without prejudice or, in the alternative, this Court should remand these claims to the Superior Court in Mecklenburg County, North Carolina.

## CONCLUSION

For all the foregoing reasons stated herein, this Court should dismiss Plaintiff's claims based on state law or, in the alternative, this Court should remand this matter to the General Court of Justice, Superior Court Division State of North Carolina, Mecklenburg County.

This the 26th day of September, 2017.

> By: s/ Sean T. Partrick
> SEAN T. PARTRICK, NC State Bar No.: 25176
> DENAA J. GRIFFIN, NC State Bar No.: 46067
> Attorneys for Defendant
> Yates, McLamb & Weyher, LLP, P.O. Box 2889
> Raleigh, North Carolina 27602
> Telephone: (919) 835-0900
> Facsimile: (919) 835-0910
> E-mail: spartrick@ymwlaw.com
> E-mail: dgriffin@ymwlaw.com

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO.: 3:17-cv-525

| | |
|---|---|
| LISA A. BOWEN, | ) |
|         Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| TSI HEALTHCARE, INC., | ) |
|         Defendant. | ) |

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to: <u>Philip J. Gibbons, Jr. and Danielle B. Hall, *Attorneys for Plaintiff*</u>. I hereby certify that I have mailed the document to the following non CM/ECF participants: NONE.

This the 26th day of September, 2017.

                                                              By:    <u>s/ Sean T. Partrick</u>
                                                                    SEAN T. PARTRICK, NC State Bar No.: 25176
                                                                    DENAA J. GRIFFIN, NC State Bar No.: 46067
                                                                    Attorneys for Defendant
                                                                    Yates, McLamb & Weyher, LLP, P.O. Box 2889
                                                                    Raleigh, North Carolina 27602
                                                                    Telephone:    (919) 835-0900
                                                                    Facsimile:     (919) 835-0910
                                                                    E-mail: spartrick@ymwlaw.com
                                                                    E-mail: dgriffin@ymwlaw.com