UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-cv-00525-FDW-DCK

| | |
|---|---|
| LISA A. BOWEN, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>TSI HEALTHCARE, INC. )<br>)<br>Defendant. )<br>)<br>) | ORDER |

THIS MATTER is before the Court on Defendant's Motion to Dismiss or, in the alternative, Motion to Remand (Doc. No. 6). In its timely Response to Motion (Doc. No. 9), Plaintiff does not oppose Defendant's motion to dismiss Plaintiff's state law claim for wrongful discharge under North Carolina public policy. Accordingly, the Court GRANTS Defendant's motion to dismiss Plaintiff's wrongful discharge claim without prejudice.

This action arises from an employment dispute between Plaintiff, Lisa Bowen, and Defendant, TSI Healthcare, Inc. Plaintiff filed a complaint in this Court, asserting federal question jurisdiction, on August 31, 2017. Her complaint alleged: (1) violations of the Fair Labor Standards Act ("FLSA"); (2) violations of the North Carolina Wage and Hour Act ("NCWHA"); and (3) wrongful discharge in violation of North Carolina public policy. (Doc. No. 1, p. 1). Defendant answered and filed a Motion to Dismiss on September 26, 2017, arguing that there is no supplemental jurisdiction over Plaintiff's state law claim for wrongful discharge. (Doc. No. 7, p. 1).

1

Supplemental jurisdiction is granted and governed by 28 U.S.C. § 1367. This statute allows federal district courts to exercise supplemental jurisdiction over claims that are so related to the claims in the action within such original jurisdiction that they form part of the "same case or controversy." 28 U.S.C. § 1367(a). Such is the case when claims "derive from a common nucleus of operative fact." United Mine Workers of America v. Gibbs, 383 U.S. 715, 725 (1966).

Defendant contends that Plaintiff's wage and hour act claims pertain to completely different facts than the wrongful discharge claim. (Doc. No. 7, p. 5). Defendant asserts that the wage and hour act claims concern whether Plaintiff's position as a computer support specialist was "exempt" under the wage and hour statutes, while the wrongful termination claim relates to whether Plaintiff was terminated from her position as auditor because of a medical condition. Id. at 4-5. Defendant argues, therefore, that the wrongful discharge claim does not share a common nucleus of operative fact with the wage and hour act claims. Id. Consequently, there is no supplemental jurisdiction in this Court for Plaintiff's wrongful discharge claim. Plaintiff does not oppose dismissal of her North Carolina wrongful discharge claim. (Doc. No. 9, p. 2).

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss (Doc. No. 6) is GRANTED. Plaintiff's North Carolina wrongful discharge claim is DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Signed: October 25, 2017

Frank D. Whitney
Chief United States District Judge